IN THE

# Supreme Court of the State of Georgia,

## AT MILLEDGEVILLE,

# MAY TERM, 1860.

Present—JOSEPH H. LUMPKIN, ⎫
       RICHARD F. LYON, ⎬ Judges.
       CHARLES J. JENKINS, ⎭

## DAVIS vs. SMITH.

1. Where the issue is the capacity of the contractor to make a contract, and the evidence, to say the least of it, is as strong on one side as the other, and no rule of law has been violated in submitting the case, and there have been two concurrent verdicts of special juries against the contract, and the presiding Judge has refused to grant a new trial, this Court will not interpose to award a rehearing.

In Equity, in Greene Superior Court. Tried before Judge HARRIS, at March Term, 1860. On the Appeal.

This was a bill in equity, by James Smith, administrator of Peter Clarke, deceased, against Josiah Davis, to set aside a certain deed executed by complainant's intestate in his lifetime, conveying all or most of his estate to said Davis, upon consideration that Davis would maintain and support him during his life. The bill sought to set aside, vacate and annul said conveyance, on the ground that Clarke was an old

man, in feeble health, and of such an imbecile mind, and at the time said deed was executed that he was incapable of making a contract or of managing his affairs.

Defendant answered the bill, denying that he used any improper means, or held out any inducements, or resorted to any fraud, in procuring, or causing Clarke to make the conveyance aforesaid.

Complainants introduced and swore several witnesses, all of whom testified in substance that they believed Clarke, at the time of the execution of said deed, to be incapable of making a contract, on account of weakness and imbecility of mind. It appeared that at or about the time the deed was made, that Clarke removed from where he had before been residing in the country, and went to live with Davis in the village of Greensboro', who supported him comfortably, and provided for all his wants and necessities until his death, which occurred on the 10th September, 1854, a few months after the execution of said deed; that Smith, the complainant, was the son-in-law of Clarke, having married a daughter who is still living.

Defendant examined several witnesses who testified that they were acquainted with Clarke, and although a man of rather weak mind, they regarded him as fully competent to manage his own affairs and capable of making contracts. It further appeared that Martha, one of the negroes, died shortly after the execution of the deed, and that Wynne was of very little use or value.

The jury found for the complainant, decreeing that the deed of conveyance be set aside and annulled, and that defendant surrender and deliver up the property, with its increase, to complainant.

Defendant moved for a new trial on the ground, that the verdict was contrary to law and evidence, and the charge of the Court.

The presiding Judge refused the motion for a new trial, pronouncing the following judgment: " I do hereby, after much consideration, refuse to grant a new trial, upon the ground, that after two concurrent verdicts by two special juries for complainant, I ought not to disturb the verdicts and reopen the litigation, unless the findings were so palpably against evidence, and flagrantly violative of law as to require a rehearing. I cannot so consider them."

To which decision, refusing and overruling the motion for a new trial, counsel for defendant excepted, and assigned the same as error.

AUGUSTUS REESE & F. C. FULLER, for plaintiff in error.

PHILLIP B. ROBINSON, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

There is no complaint that this case was not fairly submitted by the Court to the jury.   On the contrary, one of the errors assigned is, that the verdict was contrary to the charge of the Court.

Was the verdict strongly and decidedly against the weight of evidence ?

The witnesses on both sides are of the most reputable character ; they differ as to the capacity of Clarke to make a contract.   Who is to decide between them ?   We answer emphatically, the jury.

Ambrose Hutchinson testifies, that Clarke was incapable to make a contract, and he assigns very sufficient and satisfactory reasons for this opinion.   Dr. C. M. Park, the family physician of Clarke, concurs in this opinion.   Dr. Curtright, who had known Clarke for thirty years, and who had been his family physician, previous to Dr. Park, swears to his incapacity to make a contract, and this witness declined to make a similar arrangement with him, respecting himself and property.   In a short time afterwards, Clarke cried like a child, saying, the world could not make him give his property away from his children, and yet in two hours after this, he proposed to give his property to Mr. Griffin, who had accompanied Clarke to the house of witness.   John Robbins confirms the testimony of the other witnesses, and states, that Clarke made the same proposition to him that Davis accepted.   John J. Zachray, who knew Clarke well, swears positively to his incapacity to make a contract, on account of the unsoundness of his mind.   Phillip Clements, who proves Clarke to have been eighty years old, establishes also, his mental incapacity.   James Smith concurs fully with the other witnesses who were examined as to the incapacity of Clarke to make a contract.

Davis *vs.* Smith.

Some four or five gentlemen of the highest respectability, residing in Greenesboro', some of whom were present at the execution of the contract, and who saw Clarke frequently after he came to reside in Greenesboro', and two of whom attended upon him as physicians, are of the belief that Clarke was capable of making a contract. We must say, however, and in this we are abundantly supported by the record, that the opportunity for judging of the state and condition of Clarke's mind was much better on the part of the witnesses for the complainant, than those offered to support the deed, and the discrepancy between them may be accounted for in this way. In this and all similar cases, it is the peculiar province of the jury to judge of the weight of the testimony.

When we take into consideration the fact, that the price paid for this property was grossly inadequate, according to the proof, that this imbecile old man was well taken care of by his children; from whose custody he was removed by a stranger; that two special juries of the county have concurred in pronouncing against this transaction, and that his Honor, the presiding Judge, has refused to disturb their finding, we cannot doubt that it becomes our duty to acquiesce in the judgment of the Court refusing to grant the motion for a new trial in this case.

Judgment affirmed.